STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.
CV-2020-322

JAMES BLUCK,

Plaintiff

v.

ORDER

CORTNEY BLUCK,

Defendant

Before the court is plaintiff James Bluck's motion for a preliminary injunction.

Oral argument on the motion was held on December 21, 2020. Neither party requested an evidentiary hearing, and the court has reviewed the affidavits submitted by the parties in keeping with *Bangor Historic Track Inc. v. Department of Agriculture*, 2003 ME 140 ¶ 5, 837 A.2d 129.

At the outset, defendant Cortney Bluck (plaintiff's daughter)[1] does not object to the aspect of plaintiff's motion that would prevent her from transferring or encumbering the property at 58 Ocean View Avenue in South Portland. It also appeared at oral argument that issues relating to personal property could be resolved by agreement, without prejudice to the parties' right to seek further relief from the court. What is disputed is the request by James for a preliminary injunction granting him sole possession and occupancy of 58 Ocean View Avenue and essentially evicting Cortney during the pendency of this action.

To be entitled to a preliminary injunction, the moving party must ordinarily demonstrate (1) that he will suffer irreparable injury if an injunction is not entered; (2) that his injury will

---

[1] Because of the family relationship and the same last name, plaintiff will be referred to as "James" and defendant as "Cortney."

REC'D CUMB CLERK'S OF
JAN 3 XX AX XX

outweigh any harm that an injunction will inflict on the opposing party; (3) that he has a likelihood of success on the merits (at most a probability, at least a substantial possibility); and (4) that the public interest will not be adversely affected by the granting of an injunction. *Bangor Historic Track Inc. v. Department of Agriculture*, 2003 ME 140 ¶ 9. Unless all of those criteria are met, injunctive relief must be denied. *Id.* ¶ 10.

Of the four factors, the third is most important. The Law Court has described likelihood of success as the "sine qua non" of the four-part standard for entry of a preliminary injunction. *National Organization for Marriage v. Commission on Governmental Ethics and Election Practices*, 2015 ME 103 ¶ 28, 121 A.3d 792. Moreover, in this case James is seeking affirmative relief and therefore he arguably must demonstrate that he has a clear likelihood of success on the merits. *Department of Environmental Protection v. Emerson*, 563 A.2d 762, 768 (Me. 1989).

For purposes of his preliminary injunction motion, James must demonstrate a likelihood of success under the Improvident Transfer of Title Act, 33 M.R.S. §§1021-23.[2] The court agrees that the facts in his affidavit raise a presumption pursuant to that statute that his transfer of 58 Ocean View Avenue to Cortney in June 2018 resulted from undue influence. *See* 33 M.R.S. § 1022(1), (2). However, section 1022(1) allows the transferee of property to rebut such a presumption. The court concludes that Cortney's affidavit and the supporting affidavits of Robert Smith, Ruth Smith, and Susan Coupe are sufficient to demonstrate that Cortney is likely to prevail in rebutting the presumption and demonstrating that the transfer of 58 Ocean View Avenue did not result from undue influence on her part.[3]

---

[2] He has also asserted a claim under the Maine Uniform Power of Attorney Act, but that claim does not involve the transfer of 58 Ocean View Avenue, which was not made pursuant to a power of attorney.

[3] The court reaches this conclusion assuming that, once James has demonstrated the necessary likelihood of success is raising the statutory presumption of undue influence, the burden of rebutting that

2

Because James has not demonstrated a likelihood of success on the merits, the court does not need to consider the other three criteria set forth in *Bangor Historic Track Inc.,* 2003 ME 140 ¶ 9.

The entry shall be:

1. Plaintiff's motion for a preliminary injunction awarding him sole possession and occupancy of 58 Ocean View Avenue during the pendency of this action is denied.

2. Without objection by defendant, pending further order of the court defendant Cortney Bluck is enjoined from transferring or encumbering 58 Ocean View Avenue in South Portland during the pendency of this action.

3. With respect to issues involving personal property and the storage unit, plaintiff's motion for a preliminary injunction is denied without prejudice.

4. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January 7 , 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 01/12/21

Plaintiff-Wren Saunders, Esq.
Defendant-Elizabeth Stouder, Esq.

---

presumption would switch to Cortney for purposes of the preliminary injunction motion the same as it would at trial.

3